REQUESTED BY: Senator Jerome Warner, Chairman Appropriations Committee Nebraska State Legislature State Capitol Lincoln, NE 68509
Dear Senator Warner:
You ask for our advice on certain questions relating to the legislative authority in overriding line item vetoes made by the Governor. You pose the following question: `Is the Legislature authorized to override a portion of the $173,392 reduction by moving to override item No. 17 and restore only $125,000 of the amount reduced?' In connection with your question you refer to Agency 72, the Department of Economic Development, Program No. 604, which appears in Section 66 of LB 628. In that bill, the Legislature had appropriated $2,099,016. The Governor struck that amount and inserted the amount $1,925,624, a reduction of $173,392.
Further, in your letter you state that `the Governor's line item veto of the $173,392, included the following items:
No. 1 Eliminate Salary Increase; No. 2 Eliminate Appropriations Committee Percentage Operating Increases; and No. 17 Economic Development Addition of $125,000.' The numbers to which you refer (1, 2 and 17) are contained in an attachment to the Governor's veto message. In that connection, you have provided to us a copy of the Governor's veto message and the listing of cuts made.
The first item shown on the attachment shows the total salary increases eliminated by the Governor through the line item veto. The second entry shows the total operating increases eliminated through the line item veto. In both cases, these are the total sums separately reduced in the bill for various state agencies and the University and State Colleges. There follows a listing of 14 separate line item vetoes. The last item is the Economic Development Addition veto. With this background, we examine the provisions of the Constitution. Article IV, Section 15 provides in part:
 Every bill passed by the Legislature, before it becomes a law, shall be presented to the Governor. If the approves he shall sign it, and thereupon it shall become a law, but if he does not approve or reduced any item or items of appropriations, he shall return it with his objections to the Legislature, which shall enter the objections at large upon its journal, and proceed to reconsider the bill with the objections as a whole, or proceed to reconsider individually the item or items disapproved or reduced.
Article III, Section 25, in part provides: `No allowance shall be made for the incidental expenses of any state officer except the same be made by general appropriation and upon an account specifying each item. No money shall be drawn from the treasury except in pursuance of a specific appropriation made by law, . . .' Article IV, Section 7, requires the Governor to present a complete and itemized budget of the financial conditions of all departments, institutions and agencies of the state.
The Legislature has seen fit to adopt an appropriations bill format which appropriates money by programs. At earlier times, the Legislature has adopted an appropriations bill having specific items listed for each agency rather than program totals. For example, see LB 455, Seventy-Third Legislature (1963), Chapter 330, page 995 of the session laws. In that bill, for example, in providing for the Governor's Office, there are 11 separate entries appropriating various sums for various purposes. In contrast, LB 628 in Section 5, Program No. 21, the Governor's Office has one entry appropriating $375,425.
Going back then to the provisions of the Constitution, the question which faces us is what constitutes an `item or items.' It is our opinion that an item or items must refer to the appropriations bill. As such, we believe that the Legislature can look only to the appropriations bill itself. Thus, each separate entry is an item. This interpretation accords with the definition of `item' in many cases.
See, for example, Green v. Rawls, 122 So.2d 10 (Fla. 1960). The election is for the Legislature. It can go into as much detail as it desires. We then look to the terms of LB 628 and the example to which you have directed us on page 99 of LB 628, $52,099,016 is appropriated for Program No. 604.
That is lined out and $1,925,624 is written in along with the initials of the Governor. Other items in this program were left unchanged. The program total, $2,732,579 is lined out by the Governor. Written in along with his initials is $2,559,187. The difference in both instances is the amount $173,392.
The line item veto provision of Article IV, Section 15, authorizes the Legislature to consider the bill with objections as a whole or proceed to reconsider individually the item or items disapproved or reduced.
We take this language to mean that the Legislature has two methods of overriding the Governor's veto. One is to vote on the question shall LB 628 be passed over the Governor's veto with all stricken amounts restored.
The other is for the Legislature to go through the bill and determine whether each, some or any of the lined out amounts should be restored.
While there may be separate amounts set forth for any particular program, to the extent that a single number has been changed by the Governor, we do not believe that the Legislature may break down such single entries into the various components which may make up that particular entry in LB 628 or other appropriations bills. Thus, our answer to your question with respect to Program No. 604, is that the Legislature may restore all of the $173,392 by the constitutionally required vote or the item remains as vetoed by the Governor at $1,925,624.
Very truly yours, PAUL L. DOUGLAS Attorney General Patrick T. O'Brien Assistant Attorney General